**SCOTT, Plaintiff-Appellee, v. BULL et, Defendants-Appellants.**

Ohio Appeals, Seventh District, Carroll County.

No. 330.   Decided March 10, 1958.

Bowers & Bowers, New Philadelphia, for plaintiff-appellee.
A. L. Limbach, New Philadelphia, for defendants-appellants.

**OPINION**

By GRIFFITH, J.

Sylvia T. Beitler and W. C. Beitler owned a farm on which was standing timber. On December 28, 1953, Russell Scott, by oral contract, purchased the standing timber for $550.00. On December 17, 1954, the Beitlers sold the farm to Claude E. Bull and Margaret M. Bull by warranty deed, which deed contains the following provision:—

"Also, excepting and reserving the timber sold to one Russell Scott, but if said timber is not cut according to the agreement between said Russell Scott and the Grantors herein, then the same shall pass to the Grantees, their heirs and assigns." (Deed dated December 17, 1954.)

Before conveying the farm to the Bulls the Beitlers entered into an oral agreement with Scott that the timber should be removed before January 1, 1956. After the Bulls moved onto the farm, Scott attempted to enter upon the premises to remove the timber, but Bulls refused to permit the same. The defendants claim that they were in possession of the farm on which the standing timber was located on December 17, 1954, and claimed that the contract between Scott and the Beitlers is invalid by virtue of the Statute of Frauds in that the subject matter of the contract was real estate, and that the contract was not to be performed within one year, and, for those two reasons, the Statute of Frauds applied rendering the same invalid.

The standing timber has never been removed to the present time, and the lower court issued a mandatory injunction permitting the removal of the same, and it is from that order and judgment that the case is before this Court on appeal on questions of law only.

There are a few facts that clearly dispose of this case. Beitlers have never rescinded the contract nor have they indicated that it is not a binding contract, binding on them. In fact, they ratified the contract by the express reservation in the deed to the Bulls. Title to the standing timber was never conveyed but instead specifically reserved. Title was not to vest in the Bulls unless the timber was not cut according to the agreement between Scott and the Beitlers.

Scott had no agreement with the Bulls. His only agreement was with Beitlers. Bulls did not buy the farm with the standing timber. They bought the farm excepting the standing timber, which timber had theretofore been sold to Russell Scott. It is so stated in Bulls' deed. They got all that they contracted for and are now seeking to acquire the standing timber in addition thereto.

The contract between Beitlers and Scott provided that the timber should be removed by January 1, 1956. Scott attempted to remove the same within the terms of the oral agreement, and Bulls refused him permission. There clearly was a moral duty on the part of Beitlers to ask performance of the oral contract. They did, in fact, reserve the timber in the deed, and they not only consented to Scott having the timber but excepted the timber from the conveyance, and this court should not impose any obstacle to the completion of that contract.

Only a party to an oral contract can take advantage of the fact that it fails to conform to the requirements of the Statute of Frauds. **Lefferson v. Dallas, 20 Oh St 68; Minns v. Morse, 15 Ohio 569.** Bulls were not a party to the oral contract.

The Common Pleas Court decided this case in accordance with the law, and we find no errors assigned that are in any wise prejudicial to the rights of the appellants.

Judgment affirmed.

NICHOLS, PJ, concurs.
PHILLIPS, J, dissents.